UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANTHONY JOSEPH WILLIAMS            CIVIL ACTION NO. 09-cv-0892

VERSUS                             JUDGE HICKS

JEREMY WALLACE, ET AL              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Anthony Joseph Williams ("Plaintiff") filed this pro se civil rights action against three correctional officers at the David Wade Correctional Center. He alleges that Jeremy Wallace, Bruce Solomon, and Timothy Williams are liable to him under 42 U.S.C. § 1983 because they failed to protect him from an attack by a fellow inmate. Plaintiff alleges that he notified the three defendants that he had several known enemies on the B tier, including John Poullard, but the defendants nonetheless transferred Plaintiff to that tier. Soon afterward, when Poullard was released from his cell to take a shower, Poullard tore down three light fixtures and smashed the florescent bulbs against Plaintiff's cell door, sending a shower of glass fragments into the cell. Plaintiff alleges that some of the glass cut him on his face and lodged in his right eye.

Defendants filed a Motion to Dismiss (Doc. 13) that argued (1) the complaint was on its face barred by the one-year period of limitations and (2) the Eleventh Amendment bars claims for money damages against the three defendants in their official capacities. Defendants soon returned with an Amended Motion to Dismiss (Doc. 19) in which they

dropped the limitations argument. Defendants explained in their motion for leave to file the amendment that further review of documents and law persuaded them that the limitations defense was not well founded as a basis for a motion to dismiss. Doc. 17.

The only issue before the court is the argument that Wallace, Solomon and Williams may not be sued in their official capacity for money damages. The distinction between individual (or personal) capacity and official capacity claims is set forth in cases such as Kentucky v. Graham, 105 S.Ct. 3099 (1985) and Hafer v. Melo, 112 S.Ct. 358 (1991). There is plainly no official capacity claim asserted in this case.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Graham, 105 S.Ct. at 165. Those are the kinds of claims that a prisoner typically files against a corrections officer for excessive force, failure to protect, indifference to medical needs, and the like.

Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. at 166. "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." Id. A governmental entity is liable on an official capacity claim under Section 1983 only when the entity's policy or custom made the entity itself the moving force behind the deprivation. Id.

The Eleventh Amendment does not allow an award of money damages against a state official in his official capacity because the award is actually against the state. Accordingly, the only relief available on an official capacity claim against a state official is prospective, injunctive relief to enjoin future enforcement of the unconstitutional policy or custom. Ex parte Young, 28 S.Ct. 441 (1908). True official capacity claims are seldom filed by prisoners. One example, though, is an inmate suit against the Secretary of the DOC in his official capacity to enjoin enforcement of an allegedly unlawful DOC rule. See, e.g., Clarke v. Stalder, 154 F.3d 186 (5th Cir. 1998).

When the complaint does not specify the capacity in which officials are sued, the "course of proceedings" will typically indicate the nature of liability sought to be imposed. US ex rel. Adrian v. Regents of University of California, 363 F.3d 398, 402-03 (5th Cir. 2004), citing Graham at n.14. The course of the proceedings in the vast majority of prisoner cases will strongly suggest that the claims are asserted against the defendants in their individual capacities. It is a rare occasion that this court sees a prisoner case that asserts an actual official capacity claim as contemplated by Ex parte Young.

There is no indication whatsoever that Plaintiff attempted in this case to assert an official capacity claim against these defendants. He alleges that the defendants are personally at fault because of their individual acts or failures to act. He does not attack a department or state law, policy, or custom. Plaintiff did not specify in his complaint the capacity in which he was suing the three defendants, but it should be plain – upon

considering the distinctions between individual and official capacity claims that were explained above – that Plaintiff sued the men in their individual capacities. If there were any doubt, Plaintiff stated in his memorandum (Doc. 21) that he is well aware of the Eleventh Amendment bar on official capacity claims for money damages so: "At no time did plaintiff state that this current suit was being brought against defendants in their official capacities." He adds that all claims are being brought against the defendants in their individual capacities.[1]

Attorneys for correction officers often file motions to attack official capacity claims when there are no such claims asserted by the prisoner. As noted above, true official capacity claims are rare in prisoner litigation. Counsel should determine whether the complaint and course of proceedings actually present a meaningful official capacity claim before filing a motion to dismiss such claims. Motion practice to attack a nonexistent or "straw man" claim wastes time that could be spent on issues of more substance.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 13)** and **Amended Motion to Dismiss (Doc. 19)** be **denied**.

---

[1] The Fifth Circuit did hold in Hughes v. Savell, 902 F.3d 376 (5th Cir. 1990) that a Louisiana law negligence claim for failure to protect an inmate from attack by a fellow inmate is, under Louisiana law, actually a claim against a state rather than a claim against the individual corrections official. Such state-law claims are, therefore, barred by the Eleventh Amendment. Plaintiff did not invoke state-law negligence principles in his complaint, and his memorandum in response to the motion to dismiss relies on the deliberate indifference principles of Section 1983 jurisprudence.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of December, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE